800

THE STATE OF WASHINGTON, *Respondent*, v. BONNIE
SUE DELANGE, *Appellant*.

*Carl Maxey* and *Mark Bennett,* for appellant.

*Curtis Ludwig, Prosecuting Attorney,* for respondent.

GREEN, J.—The sole question presented is whether the
defendant was denied her right of allocution provided for in
CrR 7.1(a)(1):

> Before disposition the court shall afford counsel an
> opportunity to speak and shall ask the defendant if he
> wishes to make a statement in his own behalf and to
> present any information in mitigation of punishment.

Defendant was originally charged with second degree
murder. On June 1, 1981, she pleaded guilty to a reduced
charge of first degree manslaughter. On July 31, she was
sentenced. At the sentencing hearing, after defense counsel
made a plea on behalf of the defendant, the following
occurred:

THE COURT: Now, as far as Bonnie is concerned, I am satisfied that the plea to the charge which she pleaded is probably a fair charge. I think that I have no difficulty in accepting the manslaughter in the first degree . . .

. . .

I see nothing in this presentence report and nothing I know that makes me believe otherwise. I'm going to accept the recommendation of the Prosecutor and the presentence investigator, and I'm going to sentence Mrs. Delange to the appropriate sentence in the Department of Institutions—which I am to understand is 10 years.

[PROSECUTOR]: Your Honor, if I might approach the bench, I have the guideline worksheet and proposed sentence, and recommendation of the parole board.

[DEFENSE ATTORNEY]: Your Honor, could my objection be noted on record that you've denied the defendant the right of elocution [sic] before sentence.

THE COURT: Excuse me, I haven't asked her, and I'm going to ask her later. I'm simply stating what my reason is—

Miss Coquillette, or Mrs. Delange I should say, I would like to hear from you today. I've heard eloquently from your attorney. I'd like to hear from you as to anything you have to say in your own behalf and anything that you might want to say in mitigation of punishment— understanding that I have not yet entered the sentence. Do you have anything you'd like to say?

MRS. DELANGE: Thank you, Your Honor. I should have been heard before. I should have been heard before I was sentenced.

THE COURT: Well, you haven't been sentenced yet, Miss Coquillette. Do you have anything else you'd like to say?

[DEFENSE ATTORNEY]: I don't think she's up to it, Your Honor.

THE COURT: I'm certainly willing to hear anything that you have to say because I want to fully understand your position here today.

MRS. DELANGE: Ummm—Well, I wanted to tell you that Warren Snow was my friend and that I forgive him for what he done [sic] to me, and that I'm sorry. I don't know—

THE COURT: Do you have any legal cause to show at

this time, [defense attorney], why sentence should not be pronounced?

[DEFENSE ATTORNEY]: No, Your Honor, excepting the matter that I objected to.

THE COURT: Well, having heard the statement of Counsel for both parties, having heard the statement of Miss Coquillette—Mrs. Delange, it is the judgment of the Court that based upon the plea of guilty to the charge of manslaughter in the first degree that you are—Would you stand please, Mrs. Delange? It is the judgment of the Court that you are, in fact, guilty of the crime of manslaughter in the first degree. And, there being no legal cause why judgment should not be pronounced, and no legal cause having been shown, it is the judgment of the Court that you be sentenced to a maximum term of 10 years in the Department of Corrections for the crime of manslaughter in the first degree.

You're hereby remanded to the custody of the Sheriff to be detained and delivered into the custody of the proper officers for transportation to and confinement in the appropriate facility. The judgment and sentence had been signed.

Defendant contends *State v. Happy,* 94 Wn.2d 791, 792, 620 P.2d 97 (1980), requires that this case be reversed and remanded for resentencing before a different judge. We disagree. The defendant, in that case, was never afforded his right of allocution. The case was, therefore, reversed and remanded to the same court (in a single–judge county) to afford Mr. Happy his right of allocution prior to sentencing.

■ Here, the record shows the court had not entered its formal sentence prior to allowing defendant to speak in her own behalf, but had only indicated some of the underlying reasons for the sentence that it intended to enter. The defendant was then given an opportunity to speak directly to the court's reasons for accepting the recommendation in the presentence report. Consequently, she was given her right of allocution prior to the imposition of sentence, in compliance with *Happy.* Although that right should have been afforded before the court revealed its intention with respect to sentence, its failure to do so was inadvertent.

When defense counsel brought this to the court's attention, defendant was immediately given the opportunity to speak. Under these circumstances, *Happy* does not mandate reversal and remand for resentence.

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.

Reconsideration denied June 3, 1982.