[No. 37165-7-I.   Division One.   August 19, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSE AGUILAR-RIVERA, *Appellant*.

*Eric J. Nielsen, James R. Dixon*, and *Nielsen & Acosta*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Lisa N. O'Toole*, for respondent.

200

KENNEDY, J. — Jose Aguilar-Rivera appeals his exceptional sentence for possession of cocaine with intent to deliver, contending that he was denied his right of allocution.[1] After orally announcing Aguilar-Rivera's exceptional sentence, the judge was reminded by defense counsel that the defendant had not yet been given his right of allocution. The judge apologized and invited Aguilar-Rivera to speak on his own behalf. After Aguilar-Rivera's counsel spoke for him, the judge adhered to the exceptional sentence. We hold that where a defendant's right of allocution is inadvertently omitted until after the court has orally announced the sentence that it intends to impose, the defendant is entitled to a new sentencing hearing, before a different judge.

## FACTS

In March 1995, Aguilar-Rivera was charged with possession of cocaine with intent to deliver, in violation of RCW 69.50.401(a)(1)(i). Aguilar-Rivera entered an *Alford*[2] plea, and was found guilty as charged.

At the sentencing hearing, the State recommended an exceptional sentence of 48 months, and the defendant requested a sentence within the standard range. After hearing argument from both sides regarding the factual and legal bases for entering an exceptional sentence, the court accepted the arguments of the State, rejected those of the defense, announced the decision to enter an

[1]Because we are remanding for a new sentencing hearing, we do not reach Aguilar-Rivera's additional contention that the court erred by entering an exceptional sentence.

[2]*North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

exceptional sentence of 48 months and outlined the reasons. The court then imposed certain financial obligations, waived others, ordered 12 months of community supervision, imposed conditions and announced: "That is the sentence of the court." Report of Proceedings at 15.

The court then directed the defendant to come forward for fingerprinting, to which defense counsel responded:

> [DEFENSE ATTORNEY]: Your Honor, I just thought we were dealing with the legal issue and so —
>
> THE COURT: Oh, I'm sorry. I just —
>
> [DEFENSE ATTORNEY]: — you never gave my client's right of allocution or—
>
> THE COURT: Yes, please, I'm sorry —
>
> [DEFENSE ATTORNEY]: — or anything, so —
>
> THE COURT: — I'm glad you reminded me. I got on a —
>
> [DEFENSE ATTORNEY]: I don't know if it's a moot point now, but you just sort of went racing on.
>
> THE COURT: . . . I'm really sorry. I just skipped over your allocution in this case, but please go ahead and do that now.

Report of Proceedings at 15-16.

After hearing the defendant's request for a sentence that would allow him to be placed in work camp and checking the statutory requirements for such a placement, the court adhered to the 48-month exceptional sentence. Aguilar-Rivera appeals.

## DISCUSSION

Aguilar-Rivera contends that the sentencing judge denied him his allocution right by imposing his sentence before giving him the right to speak. The State contends that appellant was not denied that right because formal sentence was not imposed until after allocution.

The Sentencing Reform Act provides, in pertinent part:

"Before imposing a sentence upon a defendant, the court shall conduct a sentencing hearing . . . . The court shall . . . allow arguments from the . . . offender . . . as to the sentence to be imposed." RCW 9.94A.110. This statute has been construed by Division 3 of this court to require that the sentencing judge solicit a defendant's statement in allocution prior to imposing sentence. *State v. Crider*, 78 Wn. App. 849, 859, 899 P.2d 24 (1995). We agree.

It has been held that where a court inadvertently fails to request allocution but recognizes its error and provides a defendant with his right of allocution prior to imposing formal sentence, the error does not mandate reversal. *State v. Delange*, 31 Wn. App. 800, 802-803, 644 P.2d 1200 (1982). In *Delange*, the judge stated, "I'm going to accept the recommendation of the Prosecutor . . . and I'm going to sentence [the defendant] to . . . 10 years," at which point defense counsel asked that the record show that the court had denied the defendant the right of allocution. *Delange*, 31 Wn. App. at 801. The sentencing judge disagreed, stating that the court had not yet imposed its sentence and that the defendant would be heard later. *Delange* at 801. After hearing from the defendant, the court adhered to the sentence it had originally said would be imposed. Division Three affirmed, stating that at the time the defendant objected, the court had not yet entered formal sentence but had only indicated some of the underlying reasons for the sentence that the judge intended to enter. *Id.* at 802.

Thirteen years after *Delange* was decided, the *Crider* court held that harmless-error analysis does not apply in cases in which sentence is imposed before the right of allocution is given. *Crider*, 78 Wn. App. at 861. In *Crider*, the judge did not solicit the defendant's statement before sentencing. *Crider* at 853. Immediately after sentencing, while handing up a notice of appeal, the defendant's attorney brought the oversight to the court's attention. *Id.* at 853. The court then invited the defendant to speak on his own behalf; the defendant did so, but the court adhered

to its earlier sentence. *Id.* The *Crider* court reversed, stating:

> Even when the court stands ready and willing to alter the sentence when presented with new information (and we assume this to be the case here), from the defendant's perspective, the opportunity comes too late. The decision has been announced, and the defendant is arguing from a disadvantaged position.

*Crider*, 78 Wn. App. at 861 (citation omitted). We agree.

To the extent that *Delange* and *Crider* may be reconcilable, the instant case is more like *Crider*. Here, after announcing all of the elements of the sentence, the judge stated, "That is the sentence of the court," and requested Aguilar-Rivera's fingerprints. Although it is clear to us that the sentencing judge sincerely tried to listen to allocution with an open mind, the judge's oversight effectively left Aguilar-Rivera in the difficult position of asking the judge to reconsider an already-imposed sentence.

■ We reject the rule announced in *Delange* that a court's omission of a defendant's allocution right does not mandate reversal as long as sentence has not been formally entered. We hold that the appearance of fairness requires that when the right of allocution is inadvertently omitted until after the court has orally announced the sentence it intends to impose, the remedy is to send the defendant before a different judge for a new sentencing hearing.

This bright-line rule will pose little difficulty in multi-judge counties. We recognize that it will be more difficult to administer in single-judge counties. Overall judicial economy will be served by our ruling, however, in that appeals such as this one can be avoided.

Reversed and remanded for a new sentencing hearing before a different judge.

BAKER, C.J., and ELLINGTON, J., concur.