[No. 39731-1-I.   Division One.   April 20, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. MANUEL GONZALES, *Appellant*.

BAKER, J., concurs by separate opinion.

*Thomas M. Kummerow* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Lisa N. O'Toole, Deputy*, for respondent.

GROSSE, J — In the course of a sentencing hearing where the trial court imposes a sentence at the low end of the standard range as agreed to by the prosecutor, there is no violation of the defendant's right to speak prior to imposition of sentence when the record clearly discloses that he did not seek to exercise that right, but rather, affirmatively expressed his concurrence in the proceedings, telling the court to "get it over with" and thanking the court immediately after the judge imposed the sentence agreed to.

Discussion at sentencing focused on Gonzales' prior criminal history, especially that from out-of-state. The State and the defense agreed to a particular criminal history, and further, the State agreed to recommend the low end of the standard range. After conferring with his client, defense counsel stated the following:

> MR. PEAQUIN: Your Honor, Mr. Gonzales just wants the Court to be aware that the reason he is doing this is because he wishes to go forward to sentencing at this time and to not have this matter continued until the matter can be resolved. [Obtaining certified copies of the out-of-state convictions.]
>
> THE DEFENDANT: Get it over with.

THE COURT: I understand.

MR. PEAQUIN: Thank you, Your Honor.

THE COURT: Is there anything else you wanted to say by way of recommendation?

MR. PEAQUIN: No, Your Honor, we would just ask the Court to follow the recommendation of 60 months, giving him credit for whatever time he has served on this matter. Based on his financial circumstances, as the Court is aware from the Department of Corrections' report and also the testimony at trial, we believe the Court should waive all nonmandatory costs and assessments.

THE COURT: Although I think the issue is now moot because Mr. Gonzales has chosen not to contest these convictions, . . . .

I will impose 60 months, which is the low end of the standard range.

THE DEFENDANT: Thank you.

■■ There is no question that a defendant convicted of a crime is allowed a right of allocution at the time of sentencing.[1] However, contrary to the holdings of *Aguilar-Rivera*, and *Crider*, we hold that the inadvertent failure of the trial court to grant the right is not always reversible error. The facts of this case show why a harmless error analysis should be available, albeit used infrequently.

Here, Gonzales argued and bargained for his criminal history, with knowledge of the resulting sentencing range, and of the sentencing recommendation he was to receive from the State. Moreover, he did not provide any argument for an exceptional sentence "downward," nor does the record disclose any basis for such a sentence. Given his criminal history, the sentence imposed was at the absolute low end of the standard range.

The current right of allocution is set forth in the Sentencing Reform Act of 1981: "Before imposing a sentence upon

---

[1]*State v. Aguilar-Rivera*, 83 Wn. App. 199, 202, 920 P.2d 623 (1996); *State v. Crider*, 78 Wn. App. 849, 899 P.2d 24 (1995).

a defendant, the court shall conduct a sentencing hearing . . . . The court shall . . . allow arguments from the . . . offender . . . ." RCW 9.94A.110. There is no doubt the sentencing court technically erred in failing to allow Gonzales to speak on his own behalf. But, to conclude that the denial of his right to allocution was prejudicial under the facts of this case would place form above substance. In limited factual situations such as this, a harmless error test will be employed to determine if the error resulted in any prejudice to the defendant.

Here, there can be no showing of prejudice. Remand for resentencing could not result in a lower sentence for Gonzales because he has received the lowest possible end of the standard range.

The argument that a sentencing judge might sua sponte impose an exceptional sentence downward is exactly the kind of technical argument that the doctrine of harmless error was developed to eliminate.[2] A harmless error is one which is trivial, formal, or merely academic and which in no way affects the outcome of the case.[3] Considering the specific facts involved herein, the oversight of the sentencing court which denied Gonzales his statutory right of allocution is harmless. Any other result is a waste of judicial resources, and would be a useless act.

The conviction and sentence are affirmed.

A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WEBSTER, J., concurs.

BAKER, J. (concurring) — Under the unique facts of this

---

[2]*Chapman v. California*, 386 U.S. 18, 22, 87 S. Ct. 824, 17 L. Ed. 2d 705, 24 A.L.R.3D 1065 (1967) (purpose of the harmless error rule is to prevent setting aside convictions for small errors or defects that have little, if any, likelihood of changing the result of the trial).

[3]*See State v. Wanrow*, 88 Wn.2d 221, 237, 559 P.2d 548 (1977).

case, I concur. However, I adhere to this court's establishment of a "bright-line rule" in *State v. Aguilar-Rivera*.[4] Failure to allow exercise of the right of allocution will result in a reversal, at least where the sentence imposed exceeds the low end of the standard range, or, as here, a low end sentence is imposed and the record is clear that no basis exists for imposition of an exceptional sentence below the standard range.

Review denied at 136 Wn.2d 1024 (1998).

---

[4]*State v. Aguilar-Rivera*, 83 Wn. App. 199, 920 P.2d 623 (1996).