[Nos. 42758-3-II; 43518-7-II.   Division Two.   February 20, 2014.]

*In the Matter of the Marriage of* ALEXANDRA SWAKA, *Respondent,* and JAMES SWAKA, *Appellant.*

550

*Michael W. Louden* (of *Wechsler Becker LLP*), for appellant.

*Laura A. Carlsen* and *Jamie R. Walker* (of *McKinley Irvin*), for respondent.

---

¶1 MAXA, J. — James Swaka appeals the trial court's decision to allow Alexandra Swaka to testify via Skype[1] from Spain at a relocation trial. We hold that the trial court did not abuse its discretion in allowing remote testimony under CR 43(a)(1) and therefore affirm on that issue. In the unpublished portion of this opinion, we address James Swaka's additional assignments of error and affirm on all issues except for the award of attorney fees relating to various pretrial motions. We reverse and remand for further proceedings with regard to the attorney fee award.

## FACTS

¶2 This appeal arises from ongoing litigation between former spouses James and Alexandra Swaka over Alexandra's[2] move to Spain with the parties' two children. James and Alexandra married in 2002, the couple separated in November 2006, and Alexandra filed for dissolution in March 2007. James did not respond or appear, and in September

---

[1] Skype is a live video chat and long-distance voice calling service. *See, e.g., Fuqua v. Fuqua*, 46,118 (La. App. 2 Cir. 1/26/11); 57 So. 3d 534, 537.

[2] Because the parties share the same last name, we refer to them by their first names for clarity. We intend no disrespect.

Alexandra obtained a default dissolution order, child support order, and parenting plan. Alexandra was designated as the primary residential parent.

¶3 In August 2009, Alexandra moved to Spain with the children for a study abroad program. James did not object to the relocation at that time. In June 2010, while still in Spain, Alexandra and the children began living with Juan Gonzalez and his two children, who were the same ages as the Swaka children. Alexandra eventually decided to remain in Spain permanently. In April 2011, Alexandra moved for an order permitting her to permanently relocate to Spain and for an order waiving notice requirements for relocation. The trial court granted the motions.

¶4 In June 2011, James moved for reconsideration of the trial court's order waiving notice requirements and he objected to the relocation. The trial court allowed Alexandra's relocation to Spain pending trial and issued a temporary order stating that the children would remain with Alexandra and that the original 2007 parenting plan would remain in full force and effect.

¶5 The relocation trial took place in March 2012. Alexandra moved for an order permitting her to testify via Skype at trial. In support of her motion, Alexandra argued that it would be inconvenient and disruptive to their children if she had to travel to Washington to testify. She also argued that she was worried that her parents might try to have her detained in Washington "in order to get their hands on my kids." Clerk's Papers (CP) at 650-51. Alexandra's concerns were based on her parents' previous efforts to force her to return to the United States with the children, including threatening to have her arrested and attempting to have her deported from Spain. The trial court granted the motion over James's objection. James appeals this decision.

## ANALYSIS

¶6 James argues that the trial court abused its discretion when it allowed Alexandra to testify via Skype under

CR 43(a)(1).[3] We disagree because Alexandra showed good cause in compelling circumstances for testifying remotely.

A. INTERPRETATION OF CR 43(a)(1)

▮ ¶7 CR 43(a)(1) provides:

> In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise directed by the court or provided by rule or statute. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

The second sentence of CR 43(a)(1) was added in 2010 and was modeled after an identical provision in Federal Rule Civil Procedure (FRCP) 43(a). Wash. St. Reg. (WSR) 10-05--090 (Feb. 12, 2010).

▮ ¶8 The question here is whether the trial court properly found that there was "good cause in compelling circumstances" to allow Alexandra to testify via Skype. CR 43(a)(1). Because CR 43(a)(1) states that the trial court "may" permit remote contemporaneous testimony, the rule is by its plain terms discretionary and we review the trial court's ruling on the issue for abuse of discretion. *See United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir.) (rulings regarding use of remote testimony under FRCP 43(a) reviewed for abuse of discretion), *cert. denied*, 134 S. Ct. 302 (2013). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

¶9 No Washington court has interpreted the new language in CR 43(a)(1) allowing remote contemporaneous

---

[3] Although James also assigns error to the trial court's order permitting Alexandra's witnesses to testify via Skype, he argues in his briefing only that the trial court should not have permitted Alexandra to testify via Skype. Accordingly, we consider only James's arguments regarding Alexandra's Skype testimony. RAP 10.3(a)(6); *Kadoranian v. Bellingham Police Dep't*, 119 Wn.2d 178, 191, 829 P.2d 1061 (1992).

testimony. In *Kinsman v. Englander*, 140 Wn. App. 835, 843-44, 167 P.3d 622 (2007), we held that under the pre-2010 version of CR 43(a)(1) a trial court could not allow telephonic testimony without the consent of all parties. But *Kinsman* does not apply to the current version of the rule, which contemplates allowing remote testimony under certain circumstances.

■ ¶10 The drafters of the 2010 amendment intended that Washington courts seek guidance from the 1996 advisory committee note to FRCP 43 when interpreting this provision. WSR 10-05-090.

¶11 The federal advisory committee note provides in relevant part:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
>
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.
>
> Other possible justifications for remote transmission must be approached cautiously. . . . An unforeseen need for the testimony of a remote witness that arises during trial . . . may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.
>
> . . . .
>
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special

difficulty in showing good cause and the compelling nature of the circumstances. . . .

. . . .

Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Accurate transmission likewise must be assured.

FRCP 43 advisory committee note to 1996 amendments.

■ ■ ¶12 Where a state rule has the same language as a federal rule, we may look for guidance to courts applying the federal rule. *Beal v. City of Seattle*, 134 Wn.2d 769, 777, 954 P.2d 237 (1998). In fact, the drafters of the amendment to CR 43(a)(1) also intended that Washington courts seek guidance from federal court interpretations of FRCP 43(a). WSR 10-05-090.

¶13 Federal appellate courts reviewing trial courts' rulings under FRCP 43(a) allowing remote contemporaneous testimony have been reluctant to reverse such rulings. *See, e.g.*, *El-Hadad v. United Arab Emirates*, 378 U.S. App. D.C. 67, 496 F.3d 658, 669 (2007) (trial court acted within its discretion when permitting plaintiff to testify via Internet video from Egypt when he had tried and failed to obtain visa to United States); *Thornton v. Snyder*, 428 F.3d 690, 698-99 (7th Cir. 2005) (affirming trial court's decision to allow trial by video conference due to plaintiff's incarceration and high escape risk and need for 20 additional witnesses to travel from different parts of the state); *Beltran-Tirado v. Immigration & Naturalization Serv.*, 213 F.3d 1179, 1186 (9th Cir. 2000) (decision to allow witness who lived in Missouri to testify telephonically at hearing in San Diego did not violate due process because remote testimony would have been admissible under FRCP 43(a)).

¶14 Federal appellate courts generally have affirmed trial court rulings *refusing* to allow remote testimony as well, deferring to the trial court's discretion. *See, e.g.*, *Kivanc*, 714 F.3d at 791 (trial court did not abuse discretion

in denying motion for two claimants in a forfeiture action to testify from Turkey after weighing conflicting testimony regarding one claimant's ability to travel and because second claimant's reason for testifying remotely was that he was simply " 'unwilling to come back' " to the United States); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005) (affirming trial court's denial of motion to use video conference testimony, noting that whether to allow video teleconference testimony was "a matter expressly reserved to the sound discretion of the trial court").

## B. Good Cause in Compelling Circumstances

¶15 Determining whether a party has shown "good cause in compelling circumstances" involves a fact-specific inquiry that rests in the sound discretion of the trial court. We hold that under the circumstances here, the trial court did not abuse its discretion in allowing Alexandra to testify remotely from Spain.

¶16 First, traveling from Spain to Washington would have been a hardship for Alexandra and the children. In her declaration in support of her motion to testify via Skype, Alexandra stated, "I reside in Spain, and would have to travel internationally to appear at court in person. I would also have to either take my children out of school so that they could travel with me or place them in the care of others while I travelled." CP at 625. She also stated, "[I]t will not just be inconvenient for me to travel to Washington, but extremely difficult on my entire family. I play a vital role in the daily functioning of our family." CP at 650.

¶17 James notes that Alexandra did not allege that she was unable to travel, and argues that inconvenience is not a "compelling circumstance" because trial testimony is inconvenient for most witnesses. And the 1996 advisory committee note to FRCP 43 states that remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." However, the fact

that travel would have disrupted the *children's* education and their lives shows actual hardship, not mere "inconvenience." Requiring Alexandra to travel to Washington to testify would have forced her to choose between uprooting the children and having them travel with her or leaving them in a foreign country in the care of a nonrelative.

¶18 Further, even if Alexandra's concerns can be characterized as inconvenience, significant inconvenience may be a factor that the trial court can consider in its discretion along with other factors in making the good cause determination. *Beltran-Tirado*, 213 F.3d at 1186 (the government had "reason to arrange" telephonic testimony because the witness lived in Missouri and the hearing was in San Diego); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (the cost of international travel provided good cause for contemporaneous transmission of testimony when plaintiffs from Honduras made no more than $7,000 per year).

¶19 Second, James and Alexandra's son had a serious skin condition that was subject to aggravation by air travel. James himself expressed concern about this medical condition in a pretrial pleading, stating that the condition "could be life-threatening." CP at 167. Again, if Alexandra was required to travel to Washington for trial she would have to choose between irritating her son's medical condition or leaving him in a foreign country with a nonrelative.

¶20 Third, Alexandra had a legitimate concern that her parents might try to interfere with her custody of the children if she traveled to Washington either alone or with the children. She stated in her declaration:

[T]he Snellers have tried everything possible (including lying to the Spanish authorities that I falsified my visa) to get the kids and me back in Washington. Their desperation makes me very worried about what they might try to do to have me or Juan detained in Washington in order to get their hands on my kids.

CP at 650-51. The record reflects that Alexandra's parents previously had made threats against Alexandra to take legal action to get the children back to the United States, including having her arrested. The record also shows that Alexandra's parents had taken other steps against her, including having her visa revoked and attempting to have her and the children deported from Spain. Under the circumstances, it was appropriate for the trial court to consider this factor in assessing good cause under CR 43(a)(1).

¶21 Fourth, this case involves a bench trial. Video testimony is not the same as actual presence, and in certain cases the ability to observe a witness's demeanor might be affected. *See Thornton*, 428 F.3d at 697. However, a trial court may be better able than a jury to evaluate the testimony and assess the credibility of a witness testifying remotely.

¶22 We hold that under the specific circumstances presented in this case, the trial court did not abuse its discretion in finding "good cause in compelling circumstances" to justify remote contemporaneous testimony under CR 43(a)(1). And James does not argue that the trial court did not provide "appropriate safeguards" regarding the remote testimony as CR 43(a)(1) requires. Accordingly, we affirm the trial court's decision to grant Alexandra's motion to allow her to testify via Skype.

¶23 We consider James's remaining arguments in the unpublished portion of this opinion and affirm on all issues except for the award of attorney fees to Alexandra. We reverse and remand on that issue only.

¶24 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, A.C.J., and BJORGEN, J., concur.