2015 NOV 16 PH 12: 34

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GENE ALFRED PALMER II, | ) | No. 70868-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ANDY LEE and JANE DOE LEE, | ) | UNPUBLISHED OPINION |
| husband and wife, and their marital | ) | |
| community, | ) | |
| | ) | |
| Respondents. | ) | FILED: November 16, 2015 |

SCHINDLER, J. — Representing himself pro se, Gene Alfred Palmer II appeals from the adverse jury verdict in his personal injury action against Andy Lee. Palmer contends the trial court committed evidentiary and instructional error. But for most of the alleged errors, Palmer has failed to provide a sufficient record for review. And because Palmer's remaining contentions are without merit, we affirm.

FACTS

Gene Alfred Palmer II filed a complaint for personal injuries against Andy Lee following an altercation on May 28, 2010. Palmer alleged that he was riding his bicycle on NE 50th Street in Seattle when Lee's car struck him. Palmer claims that he was severely injured when Lee got out of his car and repeatedly punched and kicked him.

Following the trial in August 2013, the jury entered a special verdict finding that any negligence by Lee was not a proximate cause of Palmer's injuries. Palmer appeals.

ANALYSIS

Palmer was represented by an attorney during the trial. Because he is representing himself pro se on appeal, we must hold him to the same standards as an attorney. See In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

A party seeking appellate review has the burden of providing us with all evidence in the record relevant to the issues before us. RAP 9.2(b); Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988). Palmer has provided only limited record for review. The partial verbatim report of proceedings does not contain all of the trial testimony, including Palmer's own trial testimony. Nor does it contain closing arguments. Without an adequate trial record, we cannot review challenged evidence and trial court rulings in their proper context. See Allemeier v. Univ. of Wash., 42 Wn. App. 465, 473, 712 P.2d 306 (1985). An insufficient record on appeal generally precludes appellate review. Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994).

In addition, Palmer's briefs fail to comply with various provisions of the Rules of Appellate Procedure including RAP 10.3(a)(6). RAP 10.3(a)(6) requires a party to support arguments with "references to relevant parts of the record." The failure to comply with this requirement is not a mere technicality. An appellate court will not search through the record for evidence relevant to a litigant's arguments. See Mills v. Park, 67 Wn.2d 717, 721, 409 P.2d 646 (1966).

Proposed Willful Misconduct Jury Instruction

Palmer contends that the trial court erred in failing to give a modified version of 6 Washington Pattern Jury Instructions: Civil 14.01, at 177 (6th ed. 2012) (WPI), on willful and wanton misconduct.[1] Palmer argues that the evidence of Lee's physical assault supported the proposed instruction.

If the trial court's refusal to give an instruction is based upon an issue of law, our review is de novo; if the court's decision is based upon a factual dispute, we review for an abuse of discretion. State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998). But in order to preserve an instructional error for review, a party must object to the trial court's refusal to give the proposed instruction. See Trueax v. Ernst Home Ctr., 124 Wn.2d 334, 340-42, 878 P.2d 1208 (1994). CR 51(f) requires that the party "state distinctly the matter to which he objects and the grounds of his objection." A specific objection allows the trial court to rectify any error before instructing the jury, avoiding the need for a retrial. Egede-Nissen v. Crystal Mountain, Inc., 93 Wn.2d 127, 134, 606 P.2d 1214 (1980).

After distributing the latest set of jury instructions, the trial court asked counsel:

> All right. Have counsel had a chance to look through the now numbered instructions? I received the supplementals that you all submitted after court yesterday. And I've incorporated most of them in here.

---

[1] WPI 14.01 provides:

[Willful misconduct is the intentional doing of an act which one has a duty to refrain from doing or the intentional failure to do an act which one has the duty to do when he or she [has actual knowledge of the peril that will be created and intentionally fails to avert injury] [or] [actually intends to cause harm].]

[Wanton misconduct is the intentional doing of an act which one has a duty to refrain from doing or the intentional failure to do an act which one has a duty to do, in reckless disregard of the consequences and under such surrounding circumstances and conditions that a reasonable person would know, or should know, that such conduct would, in a high degree of probability, result in substantial harm to another.]

3

I didn't incorporate Plaintiff's new instruction on willful and wanton for a couple of reasons. One is there's no instruction submitted as to what the jury should do if they find willful wanton. So, it's kind of sitting out there without any ties to anything else and the rest of the instructions. So, I did leave that off.

The court then asked if there were any objections to the court's instructions. Palmer's attorney did not object to the court's refusal to give the willful misconduct instruction or respond to the court's rationale. Rather, he objected only to the court's refusal to give a proposed instruction on the apportionment of damages.

Contrary to Palmer's assertions on appeal, the limited record establishes that his attorney raised no objection to the trial court's refusal to give the proposed willful misconduct instruction. Nor has Palmer identified any objection in the record. We therefore decline to review the alleged instructional error.

Witness Testimony by Skype

Palmer contends the trial court erred in refusing to permit his "star witness" to the alleged assault, apparently a University of Washington professor, to testify by Skype.[2] We review the trial court's decision to permit witnesses to testify by Skype for an abuse of discretion. In re Marriage of Swaka, 179 Wn. App. 549, 553, 319 P.3d 69 (2014); see also CR 43(a)(1) (trial court has discretion to "permit testimony in open court by contemporaneous transmission from a different location").

Palmer does not explain why the witness was unavailable and needed to testify by Skype. Palmer does not identify the arguments that he made to the trial court or the trial court's reasons for refusing to permit the testimony. Nor has Palmer identified any portion of the record supporting his claims of error. Palmer therefore fails to

---

[2] Skype is a live video chat and long-distance voice calling service.

demonstrate any error or abuse of discretion in the trial court's alleged refusal to permit the witness to testify by Skype.

<u>Limitations on the Length of Palmer's Testimony</u>

Palmer contends that the trial court erred in limiting his direct trial testimony to 68 minutes after he failed to appear in court for his scheduled testimony on Monday, August 12, 2013. Palmer asserts that he failed to appear "because his house and the road were cut off from the world by a huge mudslide and the road [was] inaccessible for miles and eventually he and his dog were airlifted out." Palmer argues that the restriction violated his right to a fair trial and demonstrated the trial court's bias.

On the day of Palmer's scheduled testimony, Monday, August 12, 2013, his attorney informed the trial court that Palmer was unavailable because he was trapped behind "a major river of mud" in Eastern Washington. During a lengthy discussion, the court and counsel discussed how to rearrange the schedules for the remaining witnesses. On the afternoon of August 12, Palmer's attorney informed the court that Palmer had been "airlifted out" and would be in court the following morning "at 9." Counsel then informed the trial court that he would need 90 minutes for Palmer's direct testimony.

On the morning of August 13, Palmer's counsel told the court that he would use only 75 minutes for Palmer's direct testimony. Although Palmer was late, the court permitted Palmer's direct testimony to continue until 11:00 a.m., which included a lengthy break requested by Palmer's attorney.

The limited record before this court indicates that the trial court granted Palmer's counsel essentially all of the time he requested for Palmer's direct testimony. Moreover, Palmer has not provided this court with a verbatim report of his trial testimony. Nor has he identified any portion of the record supporting his allegations that the trial court was biased or that the time allotted for his direct testimony was inadequate. Palmer has therefore failed to identify any error.

ER 904 Documents

Palmer contends that the trial court erred in not admitting medical records and billings that he submitted under ER 904. We review the trial court's evidentiary ruling for an abuse of discretion. State v. Garcia, 179 Wn.2d 828, 846, 318 P.3d 266 (2014).

ER 904 provides that certain documents "shall be deemed admissible" if properly proposed as exhibits unless the opposing party objects within 14 days. ER 904(a), (c). A party need not object on the grounds of relevancy until trial. ER 904(c)(2).

Lee objected to Palmer's ER 904 designation noting, among other things, that Palmer had not attached the proposed exhibits as required by ER 904(b). The trial court informed counsel that in light of the objections, it would rule on the admissibility of the exhibits when they were introduced at trial.

Palmer has not identified what exhibits he offered at trial, whether the trial court admitted or excluded the exhibits, or the rationale for the trial court's exclusion of any proposed exhibits. Nor has he identified any portion of the record supporting his allegations of error and prejudice. Under the circumstances, we cannot review the alleged error. Hernandez v. Stender, 182 Wn. App. 52, 59, ___ P.3d ___ (2014)

(appellant's failure to provide relevant transcript or identify supporting portions of the record precluded review of alleged ER 904 error).

Admission of Prior Conviction Under ER 609(a)(2)

Palmer contends that the trial court erred in admitting his prior conviction for false information by a claimant under ER 609(a)(2). Palmer argues the prejudicial effect of the evidence far outweighed any probative value.

Crimes involving "dishonesty or false statement" are per se admissible for impeachment purposes under ER 609(a)(2). See State v. Ray, 116 Wn.2d 531, 545-46, 806 P.2d 1220 (1991). The trial court "does not engage in a balancing of probative value against prejudicial effect." State v. Brown, 113 Wn.2d 520, 533, 782 P.2d 1013, 787 P.2d 906 (1989). Crimes of dishonesty and false statement involve " 'acts of deceit, fraud, and cheating, which impinge on one's reputation for honesty.' " State v. Newton, 109 Wn.2d 69, 84, 743 P.2d 254 (1987) (quoting State v. Thompson, 95 Wn.2d 888, 891, 632 P.2d 50 (1981)). When determining whether a conviction is a crime of dishonesty or false statement, "a trial court is limited to examining 'the elements and date of the prior conviction, the type of crime, and the punishment imposed.' " Garcia, 179 Wn.2d at 847 (quoting Newton, 109 Wn.2d at 71).

In 2011, Palmer pleaded guilty to one count of felony false information by a claimant. RCW 51.48.020(2) provides:

> Any person claiming benefits under this [Industrial Insurance Act, Title 51 RCW], who knowingly gives false information required in any claim or application under this title shall be guilty of a felony, or gross misdemeanor in accordance with the theft and anticipatory provisions of Title 9A RCW.

Because false information by a claimant clearly constitutes a crime of dishonesty, the trial court did not abuse its discretion in admitting Palmer's conviction for impeachment under ER 609(a)(2). See State v. Hull, 83 Wn. App. 786, 794, 924 P.2d 375 (1996) (theft and labor and industries fraud, RCW 51.48.020(2), are the same offense for double jeopardy purposes).

Subpoena for State Farm Records

Palmer contends the trial court erred in denying his post-trial motion for a subpoena for State Farm records. Palmer claims the subpoenaed records would provide new evidence that Lee engaged in criminal conduct.

Palmer has not provided this court with any record of the trial court's alleged denial of his motion. Moreover, the motion clearly involves posttrial matters that are outside the scope of this court's review. We therefore will not consider them. See State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (court will not consider matters outside of the record).

Discrimination During Voir Dire and Violation of the Americans with Disabilities Act

Palmer contends the trial court discriminated against him; violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213; and tainted the jury pool by commenting on his bipolar disorder during voir dire and trial. But once again, Palmer has not identified the specific portions of the record that support these sweeping allegations. Nor has he identified the specific objections that he raised or the specific trial court comments or rulings that he is challenging. We therefore decline to consider his contentions. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d

249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

Affirmed.

WE CONCUR:

Trickey, J

Becker, J.