

2016 NOV -7 AM 8: 50

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | DIVISION ONE |
| ) | |
| Respondent, ) | No. 75646-0-I |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| ISABELLA MARIE LYNN BRANNAN, ) | |
| DOB: 11/03/1999, ) | |
| ) | FILED: November 7, 2016 |
| Appellant. ) | |
| ) | |

DWYER, J. — Following a juvenile court bench trial, Isabella Brannan was convicted of one count of theft in the third degree. Brannan appeals from the order of disposition, contending that the trial court erred by not affording her an opportunity to allocute. Fairly read, however, the record indicates that Brannan was provided with an opportunity to speak before disposition was imposed. Therefore, we affirm.

I

Brannan and her father entered a Walmart and went to the grocery department with a shopping cart. Brannan pushed the cart while her father placed grocery items inside. Once the two were finished shopping, Brannan continued to push the cart while she and her father bypassed the cash registers and exited the store. Neither Brannan nor her father attempted to pay for the

items before leaving the store. As a result, Brannan was charged with one count of theft in the third degree.

A bench trial was held, at which Brannan did not testify. She was found to have committed the offense charged. The juvenile court judge immediately transitioned to disposition, stating: "[s]o with that, sentencing."

During the disposition hearing, the juvenile court first heard from the State:

> [STATE]: Your Honor, the State would be recommending six months of probation and 45 hours of community service in this matter. The offender score for Ms. Brannan is zero.

The State justified its recommendation as a reminder to Brannan that this is not "the path that she wishes to follow." The judge confirmed that all of the stolen items had been recovered and that there was no restitution owing.

Next, the trial court asked to hear from the probation department's representative:

> THE COURT: All right. Let me hear from probation.
>
> [PROBATION]: Your honor, [the] probation department's recommendation is just slightly different in the sense that we're recommending six months of supervision with 40 hours of community service. I do want to also point out that Ms. Brannan has 13 hours that she had served in custody due to a warrant.

The trial court then requested to hear from defense counsel:

> THE COURT: Counsel.
>
> [DEFENSE]: Thank you, your Honor. . . . The first thing I'd request—and this is my naiveté in juvenile in regards to sentencing, but if the court is able to impose some sort of deferred sentence on this, Ms. Brannan has no criminal history at this point. So we would ask the court to consider that.
>
> In terms of a sentencing recommendation, we would note, as probation did, that Ms. Brannan did serve time in custody, at least a

half-day in custody. We would ask the court [to] take that into consideration as well in terms of sentencing. I believe the six months of probation is an appropriate recommendation. In terms of community service hours, we would ask for no more than 15 hours, given the half-day that she did spend in custody on this matter.

After the prosecutor, the probation department's representative, and defense counsel had spoken, the trial court asked:

> THE COURT: All right. Do you have anything you wish to say?

Brannan's counsel, rather than Brannan, responded to this invitation:

> [DEFENSE]: Oh, and, actually, your Honor, I forgot, I did want to point something else out. This case is 15 months old. In the last 15 months, Ms. Brannan has had no other incidents with law enforcement at all. The situation that her and her father found themselves in at this time has turned around dramatically. Her father is now sober, he's a very positive impact in Ms. Brannan's life. Neither of them have had any issues with law enforcement at all in the last year and a half.
>
> Ms. Brannan I think is doing very, very well. We would ask that the court also consider those factors when laying out a sentence.

The State then offered a brief rebuttal. The trial court next inquired about the deferred sentencing options previously mentioned by defense counsel:

> THE COURT: What about any alternatives to—
>
> [STATE]: Your Honor, the court could impose a deferred disposition, but that's typically something an individual has to request prior. . . . Because there was a finding of guilt, I don't believe a deferred disposition is available at this time. . . .
>
> THE COURT: Okay. All right. So if I understand, I believe what you're asking for isn't necessarily something that would typically be done under this scenario, so.

The court then imposed a disposition consisting of six months' probation and 40 hours of community service, with 13 hours of credit for time served.[1] Brannan did not personally speak during the disposition hearing.

II

Brannan contends that she is entitled to a new disposition hearing before a different judge because she was denied her right to allocute at the disposition hearing.[2] This is so, she asserts, because the trial court imposed disposition without personally hearing from Brannan or providing her with an opportunity to speak. We disagree.

Allocution is a statutory right rooted in the common law. State v. Canfield, 154 Wn.2d 698, 703, 116 P.3d 391 (2005). The pertinent statute provides: "The court shall . . . allow arguments from . . . the offender . . . as to the sentence to be imposed." RCW 9.94A.500(1). Juvenile offenders are afforded the opportunity to allocute. RCW 13.40.150(3)(d) (at a disposition hearing, the court shall afford the respondent an opportunity to speak before entering a dispositional order). "'Failure by the trial court to solicit a defendant's statement in allocution constitutes legal error.'" State v. Hatchie, 161 Wn.2d 390, 405, 166 P.3d 698

---

[1] The standard range sentence included: (a) 0-30 days of confinement; (b) 0-12 months of community supervision; (c) 0-150 hours of community restitution; or (d) $0-$500 fine. RCW 13.40.020(18); RCW 13.40.0357.

[2] Brannan relies on State v. Aguilar-Rivera, 83 Wn. App. 199, 920 P.2d 623 (1996), and State v. Crider, 78 Wn. App. 849, 899 P.2d 24 (1995), to support her request for a new disposition hearing. However, Aguilar-Rivera and Crider both held that a new disposition hearing was appropriate when the invitation to allocute was offered after the imposition of sentence. Aguilar-Rivera, 83 Wn. App. at 202-03 (inviting a defendant to allocute after the sentence is imposed is an empty gesture because it leaves the defendant in the difficult position of asking the judge to reconsider an imposed sentence); Crider, 78 Wn. App. at 861 (once the sentence has been announced, the defendant is arguing from a disadvantaged position and resentencing before a new judge is required). Brannan was not subject to such difficulty or disadvantage.

(2007) (quoting State v. Hughes, 154 Wn.2d 118, 153, 110 P.3d 192 (2005), overruled in part on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006)). "[C]ourts should scrupulously follow RCW 9.94A.110[3] by directly addressing defendants during sentencing hearings, asking whether they wish to say anything to the court in mitigation of sentence[ing]." In re Pers. Restraint of Echeverria, 141 Wn.2d 323, 336, 6 P.3d 573 (2000).

The denial of the right of allocution is not a jurisdictional or constitutional error, nor is it a "'fundamental defect which inherently results in a complete miscarriage of justice.'" Canfield, 154 Wn.2d at 702-03 (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)). Thus, if the sentencing court fails to solicit a statement from the defendant before imposing sentence, the defendant must object in order to preserve a claim of error. Hatchie, 161 Wn.2d at 405-06. "Absent an objection, no claim of error is preserved for us to consider." Hatchie, 161 Wn.2d at 406.

The record supports the conclusion that Brannan was provided an opportunity to speak prior to the imposition of the disposition. After finding that Brannan had committed the offense, the judge made it clear that the disposition hearing was now commencing. First, the State made its recommendation. The judge then addressed and heard from the remaining actors in turn: she called on "probation" to give a recommendation; she then requested to hear from

---

[3] RCW 9.94A.110 was recodified in 1999 as RCW 9.94A.500. The allocution provision remained unchanged.

"counsel"; and last, she spoke to Brannan, referring to her as "you," and directly asked if she had anything she wished to say. It is clear from this record that when the judge asked "[d]o you have anything you wish to say?" the judge was directly addressing Brannan.[4] All other participants had been heard from. The court had referred to these people by job assignment (e.g., "probation," "counsel"). When directly addressing Brannan, the court used the pronoun "you." The trial court directly provided Brannan with an opportunity to speak before disposition was entered.

Brannan did not respond to the judge's inquiry. Instead, her counsel did. Under these circumstances, the judge could well perceive that Brannan (who did not testify at trial) had chosen not to speak and, instead, opted to exercise her right of allocution through counsel, who provided a statement in mitigation.

Importantly, while defense counsel chose to answer the court's inquiry, counsel did not object to any perceived failure on the part of the court to give Brannan a chance to speak. Thus, any claim of error was waived. Hatchie, 161 Wn.2d at 406; Hughes, 154 Wn.2d at 153.

Affirmed.

We concur:

---

[4] At the start of the disposition hearing, before the prosecutor's invited presentation, the judge spoke to Brannan as follows: "I do need to advise you [that] you have the right to an appeal within 30 days. You can talk to your attorney as to what – about those rights."