# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75402-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TINA NEVA JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED:  November 13, 2017 |
| | ) | |

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 NOV 13 AM 9: 55

VERELLEN, C.J. — Tina Johnson was convicted of first degree arson.  At sentencing, the court notified her in writing that she was ineligible to possess firearms and that she must immediately surrender any concealed pistol license.  The court did not notify her orally that she must immediately surrender any concealed pistol license.  The record does not reveal whether Johnson possessed a concealed pistol license.  Because the technical violation of RCW 9.41.047(1) in this setting was a trivial formality and did not affect the outcome of her case, Johnson is not entitled to resentencing.

We affirm.

## FACTS

Tina Johnson was convicted at a bench trial of domestic violence first degree arson for setting fire to the apartment she shared with her boyfriend in March 2015. The trial court imposed a standard range sentence of 21 months.

At the sentencing hearing, Johnson was handed written notice of her ineligibility to possess firearms, which also stated, "You are further notified that you must immediately surrender any concealed pistol license."[1] Johnson refused to sign it. The trial court orally notified Johnson that she was not permitted to possess a firearm and that it would be a "serious felony" to do so, until a judge restores the right.[2] Johnson replied, "I understand, and I don't agree."[3] The trial court did not orally notify Johnson that she was required to surrender any concealed pistol license. There is no indication in the record that Johnson has ever had a concealed pistol license.

Johnson appeals.

## ANALYSIS

Johnson contends the trial court failed to orally notify Johnson that she was required to surrender any concealed pistol license.

A technical error in sentencing does not warrant remand for resentencing if the error is "trivial, formal, or merely academic and which in no way affects the

---

[1] Clerk's Papers at 86.

[2] Report of Proceedings (June 21, 2016) at 376.

[3] Id.

outcome."[4]  Resentencing in such a setting would be "a waste of judicial resources, and would be a useless act."[5]

RCW 9.41.047(1) requires the court to give notice of the prohibition of the right to possess firearms.  The statute also provides:

> At the time a person is convicted . . . of an offense making the person ineligible to possess a firearm . . . the convicting . . . court shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm unless his or her right to do so is restored by a court of record.

There is no statutory remedy for a violation of RCW 9.41.047(1),[6] but our Supreme Court articulated a remedy most recently noted in State v. Breitung.[7]  In that case, the court recognized lack of notice under the statute is an affirmative defense in a subsequent charge of unlawful possession of a firearm, "which [a defendant] must establish by a preponderance of the evidence."[8]

Here, Johnson does not offer compelling authority she is entitled to a resentencing for a technical violation of RCW 9.41.047(1).  Nor does Johnson establish the trial court's failure to read aloud the same notice it provided Johnson in writing affected the outcome of the case.  Further, without any indication in the

---

[4] State v. Gonzales, 90 Wn. App. 852, 855, 954 P.2d 360 (1998) (denial of allocution right harmless when defendant got lowest possible end of sentence range).

[5] Id.

[6] State v. Minor, 162 Wn.2d 796, 803, 174 P.3d 1162 (2008).

[7] 173 Wn.2d 393, 402, 267 P.3d 1012 (2011).

[8] Id. at 403.

record Johnson actually had a concealed pistol license, remanding for a resentencing would not serve justice or judicial efficiency.

We conclude the technical violation of RCW 9.41.047(1) in this setting was a trivial formality and did not affect the outcome of her case. Johnson is not entitled to resentencing.

Affirmed.

WE CONCUR: