FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 APR 23 PM 12: 04



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 76343-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| ELIC JEONG KIM, | UNPUBLISHED OPINION |
| Appellant. | FILED: April 23, 2018 |

LEACH, J. — A jury convicted Elic Kim of attempted rape of a child in the second degree (count I) and communication with a minor for immoral purposes via electronic communications (count II). Kim appeals his sentence, claiming that the sentencing court denied him his statutory right of allocution.[1] Because the trial court orally imposed his sentence on count I, the more serious count, before soliciting Kim's statement in allocution, it denied him his right of allocution. We reverse and remand.

## BACKGROUND

Kim met S.A. through an online video game when S.A. was 13 years old. After exchanging phone numbers and communicating through text messages, phone calls, and Skype,[2] Kim drove from his home in Alabama to S.A.'s house in

---

[1] RCW 9.94A.500(1).
[2] Skype is a live video chat and long-distance voice calling service. See, e.g., In re Marriage of Swaka, 179 Wn. App. 549, 551 n.1, 319 P.3d 69 (2014).

Washington. S.A.'s mother confronted Kim when she saw S.A. meet him at his car parked at the end of their driveway. He did not deny that he had "sexual intentions" toward S.A.

The State charged Kim with attempted rape of a child in the second degree (count I) and communication with a minor for immoral purposes via electronic communications (count II). In September 2016, a jury convicted him as charged. In January 2017, the sentencing court denied Kim's request for a special sex offender sentencing alternative (SSOSA) and imposed 90 months on count I and 12 months on count II, concurrent with count I. After the sentencing judge had orally sentenced Kim on count I but before she had imposed a sentence on count II, she recognized that she had not allowed Kim to make a statement and provided him an opportunity to do so. Kim chose not to speak. He appeals.

## ANALYSIS

A defendant has a statutory right of allocution, which means he has a right to speak at his sentencing hearing.[3] If a sentencing court fails to solicit a defendant's statement in allocution "until after [it] has orally announced the sentence that it intends to impose, the defendant is entitled to a new sentencing hearing, before a different judge."[4] A defendant must object to the sentencing

---

[3] RCW 9.94A.500(1) provides, in part, "Before imposing a sentence upon a defendant, . . . [t]he court shall . . . allow arguments from . . . the offender . . . as to the sentence to be imposed." See State v. Hatchie, 161 Wn.2d 390, 405, 166 P.3d 698 (2007).

[4] State v. Aguilar-Rivera, 83 Wn. App. 199, 200, 920 P.2d 623 (1996); see also Hatchie, 161 Wn.2d at 405.

court's failure to provide his statutory right of allocution to preserve his claim of error on appeal.[5]

Here, the sentencing judge had orally announced her ruling on count I, but not on count II, before she gave Kim an opportunity to speak. At the start of the sentencing hearing, Kim requested a SSOSA,[6] which the sentencing judge was "not inclined to grant." She continued by stating, "[W]ith regard to Count I, I'm imposing 90 months in custody. That's followed by community custody for life." Shortly after ruling on count I, she stopped herself:

> You know, it occurred to me as I'm going forward here, Mr. Kim, I neglected a duty that I have, which is to provide you with an opportunity to speak to the Court. So I'm going to stop and withdraw my statements, and I do want to listen to what you have to say, if anything, at this point. Would you like to say anything?

Kim's counsel responded, "I will state that his intention . . . was to apologize for his actions and ask the Court to grant the SSOSA. Given the Court's statements, I think he probably feels uncomfortable at this point making that request." The judge apologized and asked Kim for a second time, "Is there anything that you would like to say?" Kim shook his head no and chose not to speak. After the judge gave Kim an opportunity to speak, she imposed 12 months on count II, concurrent with count I. She also entered a sexual assault protection

---

[5] Hatchie, 161 Wn.2d at 405-06; see also State v. Hughes, 154 Wn.2d 118, 153, 110 P.3d 192 (2005), overruled in part on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).
[6] RCW 9.94A.670(2).

order for life, protecting S.A. from contact by Kim, and imposed some legal financial obligations.

The State claims that Kim waived any error by failing to object before the trial court announced his sentence on count I. But Kim's counsel brought to the trial court's attention that it had prevented Kim from exercising his right of allocution when he stated that Kim likely felt uncomfortable making his SSOSA request after the court had already denied it. We thus conclude that Kim did not waive his claim.

We decide further that the trial court denied Kim his statutory right to allocute. In State v. Aguilar-Rivera,[7] this court held that the sentencing judge denied Aguilar-Rivera his statutory right of allocution. There, the trial court did not solicit a statement from Aguilar-Rivera until it had finished its oral sentence and directed him to come forward for fingerprinting.[8] Similarly, in State v. Crider,[9] Division Three of this court held that the sentencing court did not provide Crider with his statutory right to allocute when it failed to solicit his statement until after it had entered judgment.

Here, the sentencing judge denied Kim's request for a SSOSA and imposed 90 months on count I before she solicited his statement. Although the court had not yet imposed a sentence on count II, as his counsel stated, the issue that Kim had intended to address was the SSOSA. Because the court sentenced Kim on the more serious count to which his statement related, we liken Kim's case to

---

[7] 83 Wn. App. 199, 203, 920 P.2d 623 (1996).
[8] Aguilar-Rivera, 83 Wn. App. at 200-01.
[9] 78 Wn. App. 849, 853, 861, 899 P.2d 24 (1995).

Aguilar-Rivera and Crider and hold that the court denied Kim his statutory right to allocute.

Our Supreme Court has recognized a division split on whether to apply harmless error analysis when a trial court has denied a defendant his statutory right to allocute.[10] While Division Three has held that "a defendant is automatically entitled to a new sentencing hearing when his right to allocution is violated,"[11] in State v. Gonzales,[12] this court held that harmless error analysis "should be available, albeit used infrequently" in select circumstances. In Gonzales, this court explained that because the trial court imposed a sentence at the low end of the standard range, "to conclude that the denial of [Gonzales's] right to allocution was prejudicial under the facts of this case would place form above substance. In limited factual situations such as this, a harmless error test will be employed to determine if the error resulted in any prejudice to the defendant."[13] Here, the trial court both denied Kim's request for a SSOSA and sentenced him to 90 months on count I, which was "above the very minimum." Kim's case is not factually comparable to Gonzales, so we do not employ a harmless error test here.

---

[10] Hatchie, 161 Wn.2d at 406 n.11.
[11] Hatchie, 161 Wn.2d at 406 n.11 (citing Crider, 78 Wn. App. at 860-61).
[12] 90 Wn. App. 852, 854, 954 P.2d 360 (1998).
[13] Gonzales, 90 Wn. App. at 853, 855.

## CONCLUSION

We reverse and remand for a new sentencing hearing in front of a different judge.

Leach, J.

WE CONCUR:

Spearman, J.

Cox, J.